UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T-MOBILE CENTRAL LLC,
a Wholly Owned Subsidiary of
T-Mobile USA, Inc.

        Plaintiff,

v.

CASE NO. 09-13496
HONORABLE DENISE PAGE HOOD

THE CHARTER TOWNSHIP
OF WEST BLOOMFIELD, a
Michigan municipal corporation,

        Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff T-Mobile Central LLC's (T-Mobile) Motion for Partial Summary Judgment **[Docket No. 8, filed on March 19, 2010]** and Defendant Charter Township of West Bloomfield's (Township) Motion for Summary Judgment **[Docket No 9, filed on March 19, 2010]**.[1] Defendant filed a Response to Plaintiff's Motion **[Docket No. 11, filed on April 9, 2010]**, to which Plaintiff filed a Reply **[Docket No. 13, filed on April 20, 2010]**. Plaintiff filed a Response to Defendant's Motion **[Docket No. 10, filed on April 9, 2010]**, to which Defendant filed a Reply **[Docket No. 12, filed on April 20, 2010]**.

---

[1] Although the Complaint contains three counts, Plaintiff's Motion for Partial Summary Judgment only addresses two: Count I, failure to support denial with substantial evidence and Count II, prohibition of personal wireless services.

1

## II. STATEMENT OF FACTS

In December 2008, Plaintiff T-Mobile, a provider of personal wireless services, filed an application for special land use and site approval for a personal wireless services facility, with related equipment. The proposed facility would be a 90-foot cellular tower, to be located in residentially-zoned property owned by Detroit Edison. The facility would replace an existing tower.

Pursuant to the Township's Zoning Ordinance, to be located on residentially zoned property, special land use approval must be recommended by the Planning Commission, and the applicant must get final approval from the Township Board. Plaintiff submitted evidence to the Township suggesting a need for the facility to address a significant coverage gap in T-Mobile's network, as well as demonstrating compliance with the Township's Zoning Ordinance. Defendant states that many residents opposed the request, and that the existing land uses in the area were residential subdivisions to the north, east, and west, and a day care center to the south of the site. The application was heard by the Planning Commission on February 24, 2009. Plaintiff contends that no documentary evidence or expert testimony was submitted in opposition to the application, with the only opposition coming from statements by five residents and some Board members, who opposed the facility without factual support.

The Planning Commission unanimously recommended denial of T-Mobile's request, providing the following explanation:

1. That the aesthetics of the surrounding neighborhood would be affected adversely; and,

2. That the Petitioner has not accomplished an aesthetically pleasing structure; and,

3. That a 70 foot cellular tower could be erected in the location rather than a 90 foot cellular tower; and,

>    4.  That the Petitioner has not provided information that other cellular companies are interested in co-existing on the subject cellular tower; and,
>
>    5.  That the Zoning Ordinance (Section 26-49 a.10) specifies that the Township Board found that the presence of numerous towers and pole structures, particularly if located within residential areas, would decrease the attractiveness and destroy the character and integrity of the community.

Administrative Record, D.

>    Plaintiff argues that, in denying its application, the Board:
>
>    (i) ignored uncontroverted expert testimony concerning T-Mobile's significant coverage gap in its network within this portion of the Township, the lack of alternatives and the need for the facility to address that gap; and (ii) failed to properly implement the standards for approval contained in the Township Zoning Ordinance.

Plaintiff's Motion for Partial Summary Judgment, at 1.  Plaintiff brings this suit seeking injunctive relief, claiming that the Board's denial violates the Federal Telecommunications Act of 1996 (the "Act" or "TCA") because the denial is not based on substantial evidence, and the denial has the effect of prohibiting the provision of personal wireless services in a portion of the Township.  Defendant also seeks summary judgment on the issue of whether the denial of the application violated the Michigan Zoning Enabling Act.  Plaintiff and Defendant have submitted a joint Administrative Record.

### III.    APPLICABLE LAW & ANALYSIS

Through the Telecommunications Act of 1996 ("Act" or "TCA"), Congress has placed limits on the authority of state and local governments to deny the construction of telecommunications towers, and has placed regulations on how such decisions are to be made. *See Sprint Spectrum, L.P. d/b/a Sprint PCS v. Willoth*, 176 F.3d 630, 637 (2d Cir. 1999).  "[T]he method by which siting decisions are made is now subject to judicial oversight.  Therefore,

denials subject to the TCA are reviewed by [the] court more closely than are other types of zoning decisions to which federal courts generally afford great deference." *Id.* (internal quotations omitted).

Two of the limits Congress has imposed, relevant to this case, are found in 47 U.S.C. § 332(c)(7)(B). First, "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record." 47 U.S.C. § 332(c)(7)(B)(iii). Second, "[t]he regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof shall not prohibit or have the effect of prohibiting the provision of personal wireless service." 47 U.S.C. § 332(c)(7)(B)(i)(II). Plaintiff argues that partial summary judgment is appropriate on either one of these grounds.[2]

### A. Substantial Evidence

The Sixth Circuit has provided instruction as to how the Court must determine whether evidence is "substantial," and whether it supports the denial of a request for a personal wireless service facility.

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion. This Court reviews the entire record, including evidence opposed to the result of the decision. We look to whether the agency explained any credibility judgments it made and whether it gave reasons for crediting one piece of evidence over another. This Court must examine the evidence as a whole, taking into account whatever in the record fairly detracts from its weight.

---

[2] Count III of Plaintiff's Complaint, "Violation of State Law: Special Land Use Standards" is not addressed in Plaintiff's motion for partial summary judgment.

*Telespectrum, Inc. v. Pub. Serv. Comm'n. of Kentucky*, 227 F.3d 414, 423 (2000).  Once an agency has identified grounds for denial of a request, the plaintiff bears the burden of "establish[ing] that none of these grounds are supported by substantial evidence in the record compiled in the proceedings."  *Sprint Spectrum v. Twp. of Brandon*, 563 F.Supp.2d 697, 707 (E.D. Mich. 2008).

In this case, the Township Board proffered the following five reasons for denying T-Mobile's request:

1. That the aesthetics of the surrounding neighborhood would be affected adversely; and,

2. That the Petitioner has not accomplished an aesthetically pleasing structure; and

3. That a 70 foot cellular tower could be erected in the location rather than a 90 foot cellular tower; and,

4. That the Zoning Ordinance (Section 26-49 a.10) specifies that the Township Board found that the presence of numerous towers and pole structures, particularly if located within residential areas, would decrease the attractiveness and destroy the character and integrity of the community; and

5. Petitioner has not presented a sufficient need to build the tower.

Administrative Record B and C.

Having reviewed the Administrative Record, the Court finds that the Township's grounds for denial are not supported by substantial evidence.  The Township Board's first two grounds for denial are aesthetic concerns.  Defendant contends that many residents in the area spoke in opposition to the request, and raised concerns about the location and aesthetics of the tower.  Defendant's Motion for Summary Judgment, at 4,11.  Defendant cites *Sprint Spectrum LP v. Charter Township of West Bloomfield*, 141 F.Supp.2d 795 (E.D. Mich. 2001) to argue that citizens' objections can be used as a basis for denial.  In *Sprint*, Sprint "contend[ed] that the

generalized concerns of residents regarding aesthetics and property values are unsupported in the record." *Id.* at 798. In *Sprint*, in addition to the several residents who spoke in opposition at the hearing, a petition opposing the tower, signed by 150 residents, was presented, in addition to a formal opposition paper. The court in *Sprint* distinguished the facts before it from the "generalized concerns and conclusive statements" not found to be substantial evidence in other cases, such as in *Iowa Wireless Servs.*, where four residents voiced concerns and no objective evidence existed. *Id.* at 800 (citing *Iowa Wireless Servs. v. City of Moline*, 29 F.Supp.2d 915 (C.D. Ill. 1998). While this Court does not dispute that citizens' concerns regarding aesthetics may rise to the level of "substantial evidence" in some cases, the Court finds that the facts of this case more closely resemble the facts of *Iowa Wireless Servs.*, where the concerns were not found to constitute substantial evidence. The Administrative Record ("AR") reflects that only two letters of objection were received, and only five residents voiced opposition.[3] AR 7-2, at 3, 6. The comments made were either of a general nature, or were conclusory in nature. *Id*. at 7-3, 6. The Court finds that the record is devoid of substantial evidence to support a denial of Plaintiff's application on the first two bases.

The Township Board's third stated ground for denial argues that a 70-foot tower could be erected instead of the 90-foot tower Plaintiffs requested. The record contains no substantial evidence supporting this as a basis for denying Plaintiff's application. To the contrary, the Staff Report for the Planning Commission Meeting cites a section of the Township's ordinance, which states "[a]ll new and modified wireless communication facilities shall be designed and constructed so as to accommodate colocation." AR 7-4, at 9. Although Plaintiff's representative

---

[3] The actual opposition letters were not made part of the Administrative Record.

was questioned at the August 3, 2009 public hearing about the necessity of having a 90-foot tower, the meeting minutes reflect that a T-Mobile representative "stated that 70 feet would be sufficient if T-Mobile was the only carrier on the tower.  However, the Ordinance did not allow them to build a tower for only one carrier."  AR 7-3, at 17.  Plaintiff also represented that two carriers were interested in co-locating, and provided expressions of interest from AT&T and Verizon.  Record 7-11.  Further, T-Mobile provided an affidavit from Mohan Chidambaram, Senior Manager of Radio Frequency Engineering for T-Mobile USA, Inc., explaining the technical requirements that made a 90-foot tower necessary to accommodate two colocators.

In Defendant's Motion for Summary Judgment, Defendant argues that Plaintiff's request for a 90-tower is not supported by substantial evidence.  However, the record is devoid of any evidence that would undermine Chidambaram's affidavit, explaining why this height was necessary to accommodate two colocators.  Additionally, Plaintiff indicated that it would be willing to accept approval for a shorter tower with no colocator. Defendant argues that Plaintiff's proposal did not have to provide for colocation.  However, colocation is clearly preferred by the Zoning Ordinance, and there is nothing supporting the contention that colocation should be disfavored in this case.

As to the fourth basis for denial, citing to the Township Board's finding that numerous facilities would decrease the attractiveness of the community, and destroy the integrity and character of the community, there is no evidence in the record that Plaintiff's facility would have this effect, rendering this inadequate as a grounds for denying Plaintiff's application.

Finally, Defendant argues that Plaintiff has not demonstrated a sufficient need to build the tower.  Having reviewed the Administrative Record, the Court finds that Plaintiff has

produced substantial evidence of a sufficient need to build the tower. On the other hand, there is no substantial evidence in the record that undermines Plaintiff's need to build the tower. Plaintiff has submitted the affidavit of Mohan Chidambaram ("RF Affidavit"), Senior Manager of Radio Frequency Engineering for T-Mobile USA, Inc., explaining in great detail the need for building a tower, particularly at the proposed location. AR 7-9. The Record contains coverage maps showing the existing level of service, and the level of service to be provided if Plaintiff's application is approved. Exs. 1-6 to RF Affidavit, AR 7-9. The Record also contains "drive test" maps, demonstrating a gap in coverage. Exs. 5-6 to RF Affidavit, AR 7-9. Defendant's contention that Petitioner has not demonstrated a sufficient need to build the tower is not supported by substantial evidence in the Record.

### B. Prohibiting Plaintiff's Provision of Personal Wireless Services

42 U.S.C. § 332(c)(7)(B)(i)(II) states, in relevant part, that "[t]he regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof shall not prohibit or have the effect of prohibiting the provision of personal wireless services." To have the effect of prohibiting the provision of personal wireless services, Plaintiff must establish "(1) that the [Defendant's] zoning decisions and ordinances prevent the closing of significant gaps in the availability of wireless services, and (2) that 'from the language or circumstances not just that [its] application has been rejected but that further reasonable efforts are so likely to be fruitless that it is a waste of time to even try.'" *Cellco Partnership v. The Town of Grafton, MA, et al.,* 336 F.Supp.3d 71, 82 (D.Mass. 2004).

The court begins this analysis by determining "whether there is a substantial gap in service that could be addressed by the proposed facility." *Id.* Plaintiff maintains that the facility is

8

necessary to fill a gap in its wireless telephone coverage in and around the subject area. As discussed above, the Court is satisfied that a gap in coverage indeed exists.

"A provider makes a prima facie showing of effective prohibition by submitting a comprehensive application, which includes consideration of alternatives, showing that the proposed [wireless telecommunications facility] is the least intrusive means of filling a significant gap." *T-Mobile USA, Inc. v. City of Anacortes*, 572 F.3d 987, 998 (9th Cir. 2009). Once the provider has made this prima facie showing, the burden shifts to the locality to "show that there are some potentially available and technologically feasible alternatives. The provider should then have an opportunity to dispute the availability and feasibility of the alternatives favored by the locality." *Id.*

According to the RF Affidavit, Plaintiff investigated several sites for the towers, and could not find an alternate site that would meet Plaintiff's coverage requirements. Chidambaram's affidavit sites two alternative locations considered, West Hills High School on Lone Pine Road and Knollwood Country Club on Maple Road. *See* Administrative Record 7-9, at 7. The school site is not a feasible alternative, as the school is not interested in providing Plaintiff with a lease. *See* Exhibit A to Reply Brief of Pl., Aff. of Heidi Zimmer. Although Defendant argues that Plaintiff should not have "abandoned" the school site, Plaintiff cites record evidence indicating that the continued pursuit of constructing a tower at the school location would be futile. *See* February 8, 2006 Proceedings of the Planning Comm'n, Pub. Hr'g, Regular Meeting, and Work Session, Ex. B to Pl.'s Mot. for Summ. J. Defendant does not provide any evidence countering Plaintiff's evidence that pursuing a tower on the school site, which is not interested in entering into a leasing agreement with Plaintiff, would essentially

9

amount to a waste of time.  Plaintiff found that colocating on the water tower at Knollwood Country Club would not provide coverage in the gap area.  *Id*.  Plaintiff contends Defendant did not suggest alternative sites for the towers, and that Plaintiff's requested cite is the least intrusive, as it is currently owned by a utility company with an existing tower, which would be replaced.

In Defendant's own motion for summary judgment, Defendant argues that Plaintiff's application was technically deficient and, as a result, not entitled to approval.  (Defendant states that Plaintiff's application lacked a maintenance agreement, a proposal for security and property owner signature.)  Def.'s Mot. for Summ. J. at 15.  Defendant concedes the "technical omissions" are "the types of concerns that are typically addressed as housecleaning conditions on approval."  *Id.*  Defendant provides no reasons why these omissions would constitute a grounds for denial of Plaintiff's application, and summary judgment in favor of Defendant is inappropriate on this issue.

Defendant argues that the proper standard to apply in evaluating whether continued application by Plaintiff would be futile is that provided by *Cellco*, rather than *Anacortes*.  A judge of the Eastern District of Michigan recently distinguished a case from *Cellco*, however, on the basis that the municipality did not make efforts to locate alternate cites, stating:

> The Court in *Cellco* noted that the Defendant Board had made concrete alternative suggestions for locating the proposed cell tower.  In the case at bar, the only real alternative suggested by the ZBA was construction of the proposed tower outside of Fraser.  While the Board in *Cellco* attempted to work with the carrier to achieve a mutually satisfactory solution, there is no evidence in the record that *Fraser* took such a course.

*T-Mobile Central, LLC v. City of Fraser*, 675 F.Supp.2d 721, 741 (E.D. Mich. 2009). In this case, there is no evidence that Defendant ever proposed an alternative site.  Defendant argues

that, under *Cellco,* the burden never shifts to the municipality to propose alternative sites. Even without placing a burden on Defendant to demonstrate that feasible alternative sites exist, based on the record before the Court, the Court is satisfied that Plaintiff has developed a "record demonstrating that it has made a full effort to evaluate the other available alternatives and that the alternatives are not feasible to serve its customers." *Cellco*, 336 F.Supp.2d at 83. Plaintiff is entitled to judgment, as a matter of law, that Defendant effectively prohibited the provision of personal wireless services.

      **C.**     **Municipal Law**

Defendant argues that its discretionary denial decision did not constitute a violation of the Michigan Zoning Enabling Act, M.C.L. § 125.3504, and therefore summary judgment should be granted in its favor. M.C.L. § 125.3504 states, in relevant part:

> A request for approval of land use or activity shall be approved if the request is in compliance with the standards stated in the zoning ordinance, the conditions imposed under the zoning ordinance, other applicable ordinances, and state and federal statutes.

Defendants argue that special land use decisions are discretionary, and not a violation of the Michigan Zoning Enabling Act. Plaintiff argues that, if the denial violated the Federal Telecommunications Act, whether the Board's decision was supported by local law is irrelevant.

In enacting the TCA, Congress sought to, *inter alia*, "[reduce] the impediments imposed by local governments upon the installation of facilities for wireless communications, such as antenna towers." *Ogden Fire Co. No. 1 v. Upper Chichester TP*, 504 F.3d 370, 396 (3rd Cir. 2007). A finding in Defendant's favor would "allow an end run around the requirements of the TCA and thereby allow local regulatory agencies to subvert a federal policy by elevating zoning authority over congressional policy as enacted into law via the TCA." *Id*. This Court finds that

it is not necessary to interpret state law here. The violation of the TCA renders Defendant's compliance with state law moot.

## IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiff T-Mobile Central LLC's (T-Mobile) Motion for Partial Summary Judgment **[Docket No. 8, filed on March 19, 2010]** is GRANTED, the Court finding the Defendant's denial was in violation of the Federal Telecommunications Act of 1996.

IT IS FURTHER ORDERED that Defendant Charter Township of West Bloomfield's (Township) Motion for Summary Judgment **[Docket No 9, filed on March 19, 2010]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff correct the technical deficiencies in its application and that, within thirty days of receiving those corrections, Defendant issue all necessary permits and approvals for the construction of Plaintiff's proposed wireless communications facility at the site located near the intersection of Middlebelt Road and Long Lake Road.

IT IS FURTHER ORDERED that this matter is DISMISSED.

                                                    s/Denise Page Hood
                                                    Denise Page Hood
                                                    UNITED STATES DISTRICT JUDGE

Dated: March 31, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 31, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager, (313) 234-5165